[No. 4,214.]

## GALEN M. FISHER v. JOHN W. PEARSON.

COMPLAINT ON CONTRACT.—A complaint on a written contract, concerning the building of a house, in which the defendant agrees to pay all bills against the house, or litigate the same before paying them if he deemed them unjust, must aver a breach of the condition. It is not sufficient to merely aver that the defendant has failed to pay.

IDEM.—If, in such action, the contract contains a clause by which the defendant agrees to pay all bills against the house, for which the plaintiff has not made himself personally liable, the complaint to recover such bills must aver that the plaintiff had not made himself personally liable for them.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The complaint was as follows: "That heretofore, to wit: on the 7th day of November, A. D. 1872, the plaintiff and defendant, at the city of Oakland, county of Alameda and State of California, entered into a certain contract in writing, which said contract reads in the words and figures following, to wit:

"OAKLAND, November 7th, 1872.

"MR. G. M. FISHER—Dear Sir: I am in receipt of your notice that Mr. Hoops has thrown up his contract with you to build your house in this city, upon which I am bondsman; and I will reply as follows, to wit:

"The three days' notice which you have given to proceed with said contract having gone by, without his so proceeding therewith, you are at liberty to complete the same, as cheaply as possible by sub-letting, open to competition, and as per the specifications, details, drawings, and plans upon which the contract with Mr. Hoops was based.

"I am willing, as bondsman, that you shall so go on, jointly with Doctor P. M. McLaren, my named agent for the purpose, and complete the said house as above on the following conditions:

"First, we are to and do repudiate said contract and bond, (and all bills made thereunder) between you and said Hoops, together with all notices served concerning the completion of said house to this date, either by you on me, or by me on you, or upon said Hoops by either of us, or upon either of us by Hoops, thus closing the former transactions in any way concerning said house entire to date, as between you and myself; and cancelling all claims that you have against me to date concerning said house, but not in any way to alter my rights against said Hoops, or yours against him in consequence of his failure to complete said house as per his contract. Also the architects on said house, to wit:

"Messrs. Ball & Day shall have nothing further to do with the house in any way hereafter, and in case of any dispute between you and my named agent, as to the completion of said house, the matter shall be referred to Mr. Wolfe, an architect of Oakland, whose decision shall be final; said house to be completed at my expense, and all *bona fide* valid bills against said house to date, made by said Hoops, and for which liens have been filed, or may hereafter be filed upon said house to be paid by me, (or litigated, as I may choose before paying them, should I deem them unjust) you paying one half the actual expenses of such litiga-

tion, and I the other. You also to pay over to me as I may require it from time to time, the full contract price that you were to pay to said Hoops to construct said house, together with the price paid by me for any and all extras that I may put upon said house; and also you are to pay to me, as I require it, one half the actual loss or difference between the actual cost of the entire erection of said house, and the said named contract price that you were to have paid said Hoops for the construction of the same.

"It being of course understood and agreed by both you and me, that all money legally paid by you to date on said house to said Hoops by way of architect's certificates, together with all bills actually paid by you on said house to date, and which bills were actually chargeable to said Hoops under his contract to construct said house, and for which acceptances valid liens may be filed against said house, together with all acceptances already made by you for work done or material furnished by said Hoops on said house, and which acceptances you are compelled to so pay by reason of such valid liens and for said house between this date and ten days after the completion of the same by me, shall all come out of and be deducted by you from the money hereinafter named to be paid by you to me.

"In short, I am to complete said house, and to pay the bills hereinbefore named to be paid by me, and to clear said house of all valid mechanics' liens filed thereon for money due on its construction, either by litigation or otherwise, as I may choose to do, and you are to pay over to me all the moneys therefor hereinfore named to be paid to me as I may require it; and it is hereby agreed that you shall claim no damages against me for any actual time required to complete said house, or otherwise; and that should either party hereto violate this agreement in any way, he shall become at once due and owing the other party hereto the sum of one thousand dollars, United States gold coin, for liquidated damages, which sum may be collected by law by the other party from the party so violating the same, together with cost of collection and attorneys' fees in the sum of one hundred and fifty dollars, United States gold coin; and said

party so violating this agreement, does hereby waive all his rights to any and all defense at law against the other party in the enforcement of such liquidated damages, attorneys' fees, and expense of collection.

"Signed and sealed on this the day and year first above named by me.

"JNO. W. PEARSON,
"GALEN M. FISHER.

"And accepted by me on the face hereof in presence of.
WM. H. PARSONS."

And plaintiff avers that he has in all respects performed all the conditions in said contract contained to be done or performed by him. That he paid to said defendant the whole of the balance of the contract price agreed by plaintiff to be paid to said Hoops for the erection of the building referred to in said contract herein set forth, to wit: the sum of two thousand four hundred dollars in gold coin; that on the completion of said building mentioned in the foregoing contract, and in the contract with said Hoops, plaintiff and defendant had an accounting together as to the amount of deficiency remaining after having applied all the money under the original contract with said Hoops, not paid out at the date of the agreement herein set forth. That a writing showing such deficiency and the amount and persons to whom such deficiency was due, was made and signed by plaintiff and P. M. McLaren, the named agent of defendant, and which writing is as follows:

"Agreed deficiency on G. M. Fisher's house on Webster street, Oakland, as per contract between said Fisher and John W. Pearson, any errors or omissions excepted.

"SAN FRANCISCO, Dec. 17, 1872.

| | |
|---|---:|
| Chaplin, carpenter | $112 00 |
| Frost & K., painters | 275 00 |
| Grosso & Wilcox, hardware | 40 12 |
| Hawley & Co., (correct P. M. McLaren, agent) | 108 34 |
| Amount carried forward | $535 46 |

Statement of Facts.

| | | |
|---|---:|---:|
| Amount brought forward...................... | $535 | 46 |
| Heywoods & Jacobs, lumber.... ............ | 188 | 52 |
| Redican, plasterer............................ | 60 | 00 |
| "          "          .............................. | 138 | 39 |
| Wm. Heymon, turning......................... | 85 | 00 |
| Remillard, brick-mason....................... | 179 | 00 |
| John Allen, laborer........................... | 19 | 25 |
| Sands........   ............................ | 8 | 80 |
| Barbagaletta, hardware....................... | 6 | 50 |
| | $1,220 | 92 |
| By cash on hand............................. | 47 | 09 |
| | 2) 1,173 | 83 |
| | 586 | 91 |
| Cash paid Redican by Fisher................. | 60 | 00 |
| | $526 | 91 |

"It is understood that if Mr. Fisher has made himself personally liable for any of the within statement of accounts, that the whole shall be paid by him of such bills as he has made himself personally liable for."

"The above statement we believe to be correct.

　　　　　　　　　　　　　"G. M. FISHER,
　　　　　　　　　　　　　"P. M. McLAREN."

And plaintiff avers that immediately after making said statement, and writing last above set forth, he paid to said defendant, John W. Pearson, the one half of said deficiency, to wit: the sum of five hundred and eighty-six dollars and ninety-one cents in gold coin.

And plaintiff avers that said defendant has failed and refused to perform his part of said contract herein first set forth, and has violated the same; that defendant has failed and refused to pay said agreed deficiency claims set forth in the writing last set forth, or any portion or part thereof, except the claim of Chaplin, Frost & K., Hawley & Co., Redican, Grosso & Wilcox part nine dollars and seventy cents, amounting in the aggregate to the sum of five hun-

dred and sixty-five dollars and four cents, leaving a balance of six hundred and eight dollars and seventy-nine cents unpaid; and though often requested to pay the same by said plaintiff, yet he has refused and still refuses so to do; and though demanded, has refused to pay back to plaintiff the five hundred and eighty-six dollars and ninety-one cents paid by plaintiff to defendant as aforesaid.

Plaintiff further complaining, avers that on account of the violation of said contract first herein set forth by said defendant, plaintiff has been put to great cost and expense, and has had liens filed against his said property on account of said claims so unpaid as aforesaid, and judgments obtained against him, and his property advertised for sale; and he has been compelled to pay large sums of money in shape of costs and attorneys' fees, besides having to pay the indebtedness set forth in the writing last above herein set forth, amounting in all to the sum of seven hundred and twenty-eight dollars and seventy-nine cents, gold coin.

And plaintiff avers that by reason of defendant's violation of said agreement first herein set forth, the said defendant has become indebted to said plaintiff in the sum of one thousand dollars, gold coin of the United States, together with the sum of one hundred and fifty dollars attorneys' fees.

The defendant answered, and the Court rendered judgment for the plaintiff for the liquidated damages mentioned in the contract. The defendant appealed.

*Craig & Meredith*, for the Appellant.

The complaint does not set forth any breach by defendant of the contract sued on. The contract was that defendant should "pay or litigate, etc." The breach alleged is that defendant "did not pay, etc."

The complaint does not set forth a compliance by plaintiff with the contract sued on. The plaintiff was to pay the claims set forth if he had made himself personally liable; there is no allegation that he had not made himself personally liable.

*S. F. Gilcrest*, for the Respondent.

By the COURT:

The complaint is radically defective and insufficient to support the judgment.

There is no sufficient, nor indeed any, breach of the first agreement set forth in the complaint. As to the supplemental agreement, there is no averment that the plaintiff has not made himself personally liable for each of the items of account contained therein; and if he had in fact made himself personally liable therefor, he could not recover by reason of anything contained in that agreement.

Judgment reversed and cause remanded.